**In re David E. ALFORD, Debtor.**

**Margaret ALFORD, Plaintiff,**

v.

**David E. ALFORD, Defendant.**

**Bankruptcy No. B87-01634-Y.**
**Adv. No. 88-0076.**

United States Bankruptcy Court,
N.D. Ohio.

Dec. 29, 1988.

Michael Morley, Youngstown, Ohio, for defendant/debtor.

Edward C. Czopur, Youngstown, Ohio, for plaintiff.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came before the Court on the submission by the parties on the pleadings and exhibits thereto to determine the dischargeability of certain obligations of the Debtor to the Plaintiff arising out of state court divorce proceedings.

The Plaintiff alleges that the Debtor should not be discharged from his obligations to pay the debts set forth in paragraph 3 of the complaint.

The Debtor filed his Petition for Relief under Chapter 7 of Title 11 on December 18, 1987. After appropriate administration, the case was closed on September 26, 1988. The Plaintiff moved to reopen the case and the Motion was sustained for the reason that there is no specific time limit for filing a complaint objecting to the discharge of debts such as those here involved. On October 11, 1988, the Plaintiff filed the instant complaint alleging that the Debtor's obligation to satisfy certain liabilities pursuant to a divorce decree is nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(5). Upon agreement of counsel, the parties elected to submit the dispute to the Court for determination based upon the pleadings and the exhibits attached thereto and upon stipulated findings of the state court dated May 5, 1987.

The Plaintiff and the Debtor apparently were married on June 22, 1968, out of which marriage two children were born. On December 12, 1986, the Court of Common Pleas, Division of Domestic Relations, for Mahoning County, Ohio, found that the

Plaintiff's reasonable and necessary expenses amounted to Eight Hundred Ninety–Six & 00/100 Dollars ($896.00) per month. As a result, the court ordered the Debtor to pay Four Hundred & 00/100 Dollars ($400.00) per month for temporary child support. The Debtor was also ordered to pay the monthly financial obligations incurred by both himself and the Plaintiff, including the monthly household expenses of the marital residence, located at 11200 Gladstone Road, North Jackson, Ohio, where the Debtor's spouse was to reside.[1] The Plaintiff apparently moved to an Austintown address shortly thereafter. On May 5, 1987, the same court ordered the Defendant to pay Four Hundred & 00/100 Dollars ($400.00) per month for temporary child support and Two Hundred Fifty & 00/100 Dollars ($250.00) for temporary alimony. The Court noted in its Findings of Fact that "outstanding obligations ... on the plaintiff's former residence in North Jackson [were] as follows: $185 for rent, $189 for electric, $279 for fuel oil." The court also enumerated the Plaintiff's outstanding balances on her Austintown residence to be Eight Hundred & 00/100 Dollars ($800.00) for rent, One Hundred Forty–Three & 84/100 Dollars ($143.84) for telephone service, Sixty & 00/100 Dollars ($60.00) for natural gas, and Sixteen & 50/100 Dollars ($16.50) for garbage removal as of January 9, 1987. On or about September 7, 1987, the Domestic Relations Court entered a final decree which provided child support in the amount of One Hundred Seventy–Five & 00/100 Dollars ($175.00) per month and sustenance alimony in the amount of Five Hundred & 00/100 Dollars ($500.00) per month. The decree also made the Debtor responsible for the eight (8) debts which are the subject of this Complaint.

In order to render a debt nondischargeable by virtue of 11 U.S.C. Sec. 523(a)(5), this Court consistently has applied the three-prong test that originally was set forth in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983). The *Calhoun* tests are:

(1) whether either the state court or the parties to the divorce intended to create an obligation to provide support; and

(2) if so, whether such intended support is necessary to satisfy the daily needs of the children and former spouse; and

(3) whether the intended support is so excessive that it is manifestly unreasonable.

Our review of the factual circumstances surrounding this proceeding convince us that the parties intended to create a support obligation. The eight (8) obligations cover such everyday necessities as rent, electric service, heat, telephone service, and garbage removal. Provisions for rent and utility services for the former family certainly fall within the traditional concepts of support. Furthermore, other sections of the divorce decree deal with the division of property, and there is nothing to suggest that these eight (8) debts were assumed by the Debtor for the purpose of property division.

Moreover, the Court finds that these payments were necessary to insure the satisfaction of the daily needs of the former family. At the time of the divorce, the Debtor had a yearly income of Thirty–Two Thousand, Five Hundred & 00/100 Dollars ($32,500.00). The Plaintiff, on the other hand, was unemployed and had minor children to care for. The Domestic Relations Court found that she required almost Nine Hundred & 00/100 Dollars ($900.00) per month in order to meet her basic, necessary expenses. Thus, she did not have income sufficient to meet her reasonable and necessary expenses and the payments ordered by the state court were for that purpose.

Finally, we do not find the amounts to be unreasonable or excessive. At the time of the divorce, it appears that the Debtor's income was approximately One Thousand, Five Hundred & 00/100 Dollars ($1,500.00) a month. The Domestic Relations Court had calculated his monthly expenses to be about Five Hundred Seventy–Five &

---

**1.** The Court specifically noted that rent and charges for electric, phone, and garbage disposal services at the North Jackson home should be paid by the Debtor.

495

00/100 Dollars ($575.00), which leaves a monthly amount of about Nine Hundred Twenty–Five & 00/100 Dollars ($925.00) to pay alimony, support, and the rental/utility obligations which are at issue here.

Accordingly, the eight (8) obligations assumed by the Debtor in the divorce decree are determined to be nondischargeable.

IT IS SO ORDERED.